UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CABLEVISION SYSTEMS OF SOUTHERN
CONNECTICUT, Limited Partnership,

        Plaintiff,

-against-

RICHARD CRUZ and AGI FERJENTSIK,

        Defendants.

FILED
Nov 19  4 45 PM '03

CIVIL ACTION NO.
3:02 Civ. 0348 (EBB)

## JUDGMENT

This action having been commenced on February 27, 2002, by the filing of the Summons and Complaint, and copies of the Summons and Complaint having been served on Richard Cruz ("Cruz" or "defendant") on March 1, 2003, pursuant to Fed.R.Civ.P. 4(e)(2) and it further appearing that Cruz has failed to defend against the allegations set out in the Complaint.

NOW, on motion of plaintiff, Cablevision Systems of Southern Connecticut, L.P. ("Cablevision" or "plaintiff") by its attorneys, Lefkowitz, Louis & Sullivan, L.L.P., it is hereby:

**ORDERED, ADJUDGED and DECREED** that pursuant to Fed.R.Civ.P. 55(a), plaintiff Cablevision shall recover from defendant Richard Cruz damages in the amount of $ 7780, together with interest and costs of this action and attorneys' fees in the amount of $ 1529.50; and it is further,

**ORDERED, ADJUDGED and DECREED** that Cablevision is entitled to a permanent injunction against Richard Cruz's unauthorized reception and interception of plaintiff's telecommunications signals as proscribed under 47 U.S.C. §§ 605(a) and 553(a)(1), which

injunction is authorized under 47 U.S.C. §§ 605 (e)(3)(B)(i) and 553(c)(2)(A) and demanded in plaintiff's Complaint; and it is further,

**ORDERED, ADJUDGED and DECREED** that Cablevision is entitled to a permanent injunction against defendant Richard Cruz's unauthorized sale and/or distribution of equipment designed to be used for unauthorized reception of Cablevision's telecommunication signals as proscribed under 47 U.S.C. §§ 605(a) and 553(a)(1), which injunction is authorized under 47 U.S.C. §§ 605(e)(3)(B)(i) and 553(c)(2)(A) and demanded in plaintiff's Complaint; and it is further,

**ORDERED, ADJUDGED and DECREED** that Cruz and any of his servants, employees, agents, assigns and any person(s) or entity(ies) in active concert and participation with any of them are hereby enjoined and restrained from aiding and abetting or engaging in the interception, divulgence, reception or display of the cable television programming, service or signal of plaintiff, whether transmitted by air or by wire, without the express authorization of plaintiff, and are hereby further enjoined and restrained from connecting, attaching, splicing into, tampering with or in any way using the cable wiring of the plaintiff for the purpose of obtaining any of the programming services of plaintiff without plaintiff's express authorization and are hereby permanently enjoined and restrained from manufacturing, purchasing, obtaining, utilizing or installing any device or equipment capable of descrambling, intercepting, receiving, decoding or in any way making available the programming and services of plaintiff without plaintiff's authorization.

Dated: New Haven, Connecticut
Nov. 19, 2003

The Honorable Ellen Bree Burns
United States District Judge